**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
(State)

Case number (*If known*): _____  Chapter **11**

❏ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).** For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Royal Paper, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Royal Paper Converting, LLC |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 8 6 – 0 6 9 9 9 3 7 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **711    North 17th Avenue**<br>Number    Street | Number    Street |
| | P.O. Box |
| **Phoenix          AZ    85007**<br>City          State    ZIP Code | City          State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| County | Number    Street |
| | City          State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | https://royalpaper.us |

| Debtor | Royal Paper, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding  LLP)
- ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

  3  2  2  2

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☑ No
- ☐ Yes.  District _____  When _____  Case number _____
  MM / DD / YYYY
-      District _____  When _____  Case number _____
  MM / DD / YYYY

Debtor    Royal Paper, LLC
          _____    Case number (if known) _____
          Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

■ Yes.  Debtor    See attached Schedule 1          Relationship    Affiliate

        District    Delaware                       When    _____
                                                           MM / DD / YYYY

        Case number, if known    _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number        Street

                          _____

                          _____    _____
                          City                                State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

        Contact name    _____

        Phone    _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ■ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

| Debtor | Royal Paper, LLC | Case number (if known) |
|---|---|---|
| | Name | |

| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/08/2025
              MM  / DD / YYYY

✗ /s/ Michael Ragano                          Michael Ragano
Signature of authorized representative of debtor    Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

✗ /s/ Robert J. Dehney                     Date  04/08/2025
Signature of attorney for debtor                 MM  / DD / YYYY

Robert J. Dehney
Printed name
Morris, Nichols, Arsht & Tunnell LLP
Firm name
1201        North Market Street
Number      Street
Wilmington                              DE        19801-1347
City                                    State     ZIP Code

(302) 658-9200                          rdehney@morrisnichols.com
Contact phone                           Email address

3578                                    DE
Bar number                              State

## <u>Schedule 1</u>

### Pending or Current Bankruptcy Cases Filed by Affiliates

On April 8, 2025, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Royal Interco, LLC | 83-0817913 |
| Doubletree Paper Mills, L.L.C. | 68-0631830 |
| Royal Paper, LLC | 86-0699937 |
| Sun Paper Company, LLC | 65-0197899 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ROYAL INTERCO, LLC, *et al.*, | Case No. 25-_____ (___) |
| Debtors.[1] | Joint Administration Requested |

## <u>CONSOLIDATED CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and rule 1007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtors and debtors in possession hereby state as follows:

1.  Debtors Doubletree Paper Mills, L.L.C., Royal Paper, LLC, and Sun Paper Company, LLC, are 100% owned by debtor Royal Interco, LLC.

2.  Debtor Royal Interco, LLC, is 100% owned by RP Holdco, LLC.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Royal Interco, LLC (7913); Doubletree Paper Mills, L.L.C. (1830); Royal Paper, LLC (9937); and Sun Paper Company, LLC (7899).  The Debtors' mailing address is 711 North 17th Avenue, Phoenix, AZ 85007.

| Fill in this information to identify the case: |
| --- |
| Debtor Name:   Royal Interco, LLC, et al. |
| United States Bankruptcy Court for the:    District of Delaware |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                    12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | TRADECYCLE CAPITAL LLC 10475 CROSSPOINT BOULEVARD STE 135 INDIANAPOLIS, IN  46256 | CONTACT: PAUL COUNT PHONE: (317) 294-0159 PCOUNT@TRADECYCLECAPITAL.COM | VENDOR TRADE FINANCING | | | | $3,204,342.56 |
| 2 | SUSTANA FIBER, LLC PO BOX 74834 CHICAGO, IL  60694 | CONTACT: SAMUEL AUCLAIR SAUCLAIR@SUSTANASOLUTIONS.COM | MATERIALS | | | | $2,827,477.56 |
| 3 | ALLEN LUND COMPANY LLC 4529 ANGELES CREST HWY LA CANADA FLINTRIDGE, CA  91011 | CONTACT: GERALD EBERT PHONE: (818) 790-8412 GERALD.EBERT@ALLENLUND.COM | FREIGHT | | | | $782,544.46 |
| 4 | EL PASO PAPER BOX, INC 24 ZANE GREY ST. EL PASO, TX  79906 | CONTACT: PAUL MALOO PHONE: (915) 779-3999 PMALOOLY@EPPBINC.COM | MATERIALS | | | | $770,033.14 |
| 5 | NORTHEAST SERIES OF LOCKTON COMPANIES LLC PO BOX 3207 BOSTON, MA  02241 | CONTACT: PJ GRISWOLD PHONE: 646572-7300 PJGRISWOLD@LOCKTON.COM | INSURANCE | | | | $669,871.90 |
| 6 | SMURFIT KAPPA  NORTH AMERICA LLC 260 N ROOSEVELT AVE CHANDLER, AZ  85226 | CONTACT: VICKI URIA PHONE: (480) 940-2010 VICKI.URIAS@SMURFITKAPPA.COM | MATERIALS | | | | $655,444.23 |
| 7 | CIRCLE LOGISTICS, INC PO BOX 8067 FORT WAYNE, IN  46898 | CONTACT: CHAD BUCHA PHONE: (201) 730-6980 CREDIT@CIRCLEDELIVERS.COM | FREIGHT | | | | $640,359.11 |

Debtor: Royal Interco, LLC, et al.

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8   BIORIGIN SPECIALTY PRODUCTS 44 MILTON AVENUE SUITE 307 ALPHARETTA, GA  30009 | CONTACT: CHRIS LAWLESS PHONE: (860) 289-7496 LAWLESSC@BIORIGINSP.CO M | MATERIALS | | | | $533,193.03 |
| 9   APS PO BOX 53933 PHOENIX, AZ  85072 | CONTACT: APS BUSINESS CUSTOMER CARE PHONE: (602) 371-7171 | UTILITIES | | | | $445,555.01 |
| 10   PRINT PRO, INC. 1450 POPLAR ST. WRIGHTSTOWN, WI  54180 | CONTACT: KEN NELSON PHONE: (920) 757-7700 KENNELSON@PRINTPRO-INC.COM | MATERIALS | | | | $402,777.15 |
| 11   FREEPORT LOGISTICS 431 N 47THAVE. PHOENIX, AZ  85043 | CONTACT: JOHN C BAUERMEISTER PHONE: (602) 233-3891 JCB@FREEPORT-LOGISTICS.COM | FREIGHT | | | | $367,336.02 |
| 12   MEGACORP LOGISTICS, LLC 1011 ASHES DRIVE WILMINGTON, NC  28405 | CONTACT: MIKE MORAN PHONE: (910) 332-0820 MMORAN@MEGACORPLOGI STICS.COM | FREIGHT | | | | $350,522.88 |
| 13   CELLMARK INC. 80 WASHINGTON STREET NORWALK, CT  06854 | CONTACT: SILVIA CRISTO PHONE: (203) 299-5050 SILVIA.CRISTO@CELLMARK.C OM | MATERIALS | | | | $342,008.67 |
| 14   WFX LOGISTICS LLC 4050 W. I-40 SERVICE ROAD OKLAHOMA CITY, OK  73128 | CONTACT: MATTHEW PLUMLEE PHONE: 405-495-1985 MPLUMLEE@WFXLOGISTICS. COM | FREIGHT | | | | $337,619.08 |
| 15   ARMSTRONG TRANSPORT GROUP PO BOX 735227 DALLAS, TX  75373-5227 | CONTACT: ANDY BRANIN PHONE: 877-240-1181 ANDY.BRANIN@ARMSTRONG TRANSPORT.COM | MATERIALS | | | | $334,222.55 |
| 16   GAMBINI AMERICA INC. OLDE SCHOOL SQUARE 2200 DICKINSON RD, UNIT 6 DE PERE, WI  54115 | CONTACT: BART DRAGE PHONE: (920) 351-4770 B.DRAGE@GAMBINI.GROUP | MAINTENANCE | | | | $308,082.59 |
| 17   HYG FINANCIAL SERVICES, INC. LEE FARM CORPORATE PARK 83 WOOSTER HEIGHTS, 4TH FLOOR DANBURY, CT  06810 | CONTACT: ANTHONY MOCCIA ANTHONY.MOCCIA@WELLSF ARGO.COM | FORKLIFTS | | | | $296,637.72 |
| 18   SUPREME SOURCE & SUPPLY CO. P.O. BOX 101676 PASADENA, CA  91189-1676 | CONTACT: GREG BREDICE GREGBREDICE@AOL.COM | MATERIALS | | | | $277,160.38 |
| 19   INTERNATIONAL PAPER PO BOX 31001-0780 PASADENA, CA  91110 | CONTACT: MARLEINSABBAH MARLEIN.SABBAH@IPAPER.C OM | MATERIALS | | | | $260,502.38 |
| 20   COLUMBIA PACKAGING GROUP 5651 KIMBALL COURT CHINO, CA  91710 | CONTACT: EDIE MAGANA EMAGANA@MMPRINTEDBA G.COM | MATERIALS | | | | $247,419.58 |
| 21   SOUTHWEST GAS CORPORATION P.O. BOX 98890 LAS VEGAS, NV  89193-7255 | CONTACT: ACCOUNT PAYABLE PHONE: 877-860-6020 | UTILITIES | | | | $225,452.27 |

Debtor:  Royal Interco, LLC, et al.                                    Case Number  (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22  THE KOLL COMPANY 17755 SKY PARK EAST SUITE 100 IRVINE, CA  92614 | CONTACT: LESLIE C. LAROQUE PHONE: (949) 261-2499 LAROQUEL@KOLL.COM | LANDLORD | | | | $179,310.93 |
| 23  MALNOVE INC.OF NEBRASKA 13434 F STREET OMAHA, NE  68137 | CONTACT: CHRISANA BRUMAGE PHONE: (402) 330-1100 CHRISANA.BRUMAGE@MALNOVE.COM | MATERIALS | | | | $173,153.26 |
| 24  AFC TRANSPORT & LOGISTICS 1120 E KENNEDY BLVD UNIT 238 TAMPA, FL  33602 | CONTACT: FRANK MIRANDA PHONE: (813) 426-3535 FRANK.MIRANDA@AFCLOGISTICS.COM | FREIGHT | | | | $164,051.89 |
| 25  HENKEL CORPORATION PO BOX 281666 ATLANTA, GA  30384 | CONTACT: BILL BEATON BILL.BEATON@HENKEL.COM | MATERIALS | | | | $162,048.46 |
| 26  WESTROCK CP, LLC 6702 W NORTHERN AVE GLENDALE, AZ  85302 | CONTACT: VERONICA LOYA PHONE: (602) 264-4655 VERONICA.LOYA@WESTROCK.COM | MATERIALS | | | | $158,250.97 |
| 27  VALMET 3060 SOUTH RIDGE ROAD GREEN BAY, WI  54304 | CONTACT: JACK BERNDT PHONE: (920) 336-5000 JACK.BERNDT@VALMET.COM | MAINTENANCE | | | | $146,569.24 |
| 28  ARNOLD MACHINERY COMPANY 10100 W MONTEBELLO AVE GLENDALE, AZ  85307 | CONTACT: PATRICK WALLACE PHONE: (623) 323-7550 PWALLACE@ARNOLDMACHINERY.COM | MAINTENANCE & FORKLIFTS | | | | $139,485.41 |
| 29  PHOENIX VAN BUREN PROPERTIES 5112 N. 40TH STREET SUITE 105 PHOENIX, AZ  85018 | CONTACT: NATALIE DALTON PHONE: (602) 840-4295 NDALTON@HARRISONPROPS.COM | LANDLORD | | | | $137,646.14 |
| 30  MDC REALTY ADVISORS 101 UNIVERSITY BLVD. SUITE 330 DENVER, CO  80206 | CONTACT: BRUCE BACKSTROM PHONE: 303-799-8181 BBACKSTROM@MDCRA.COM | LANDLORD | | | | $132,585.70 |

## **EXHIBIT A**

**Board Resolutions**

**OMNIBUS ACTION BY WRITTEN CONSENT**
**OF THE**
**GOVERNING BODIES OF**
**Royal Interco, LLC; Doubletree Paper Mills, L.L.C.;**
**Royal Paper, LLC; and Sun Paper Company, LLC**

**April 8, 2025**

The undersigned, being the sole independent manager or the sole member, as applicable (each a "<u>Governing Body</u>" and collectively, the "<u>Governing Bodies</u>"), of Royal Interco, LLC, a Delaware limited liability company ("<u>Royal Interco</u>"), Doubletree Paper Mills, L.L.C., an Arizona limited liability company ("<u>Doubletree</u>"), Royal Paper, LLC, an Arizona limited liability company ("<u>Royal Paper</u>"), and Sun Paper Company, LLC, a Delaware limited liability company ("<u>Sun Paper</u>" and together with Royal Interco, Doubletree, and Royal Paper, the "<u>Companies</u>") hereby takes the following actions and adopts, approves, and consents to the following resolutions by written consent pursuant to and in accordance with (a) the Delaware Limited Liability Company Act or the Arizona Limited Liability Company Act, as applicable, and (b) Royal Interco's Limited Liability Company Agreement, dated June 6, 2018, as amended by Amendment No. 1 thereto dated as of January 14, 2025, Doubletree's Amended and Restated Operating Agreement dated as of June 15, 2018, Royal Paper's Second Amended and Restated Operating Agreement dated as of April 5, 2022, and Sun Paper's Amended and Restated Limited Liability Company Agreement dated as of November 5, 2020.

**WHEREAS**, the Companies have retained the firm Novo Advisors, LLC to provide restructuring services including, among other things, providing the Companies with a Chief Restructuring Officer, Michael Ragano ("<u>CRO</u>"), to assist each Company in evaluating its business, financial prospects, liquidity, strategic alternatives, developing a business plan, budgeting, developing financial data for evaluation by the Governing Body, creditors, prospective transaction counterparties, or other third parties, in each case, as requested by the Governing Body or by management of the Company, evaluating each Company's capital structure, responding to issues related to each Company's financial liquidity, and assist in any additional financing, sale, reorganization, business combination, or other similar disposition of the Company's assets and negotiations regarding same;

**WHEREAS,** each Governing Body has considered presentations by the financial and legal advisors of each of the Companies regarding the liabilities and liquidity situation of each of the Companies, the strategic alternatives available to each of the Companies, and the effect of the foregoing on each Company's business;

**WHEREAS**, each Governing Body has had the opportunity to consult with the financial and legal advisors of the Companies, fully consider each of the strategic alternatives available to the Companies, including a potential filing under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and review the preparation materials provided by the financial and legal advisors;

**WHEREAS**, each Governing Body has determined that it is advisable and in the best interests of the Companies and the Companies' stakeholders, creditors, members, and other interested parties to commence a case under chapter 11 of the Bankruptcy Code, and each Governing Body has determined that they should do so promptly to ensure that each debtor in possession has time to organize the affairs of the Companies; and

**WHEREAS**, each Governing Body, in consultation with the management and the legal and financial advisors of each Company, intend for each Company to enter into (i) that certain Asset Purchase Agreement (the "Stalking Horse Agreement") with Sofidel America Corp. for the purchase of substantially all of each Company's assets, subject to higher and better bids, and (ii) that certain Superpriority Senior Secured Debtor-in-Possession Loan Agreement (the "DIP Credit Agreement" and together with other documents related to debtor-in-possession financing, the "DIP Documents") with NXT Capital, LLC as agent, to provide the Companies with debtor-in-possession financing (the "DIP Credit Facility").

**NOW, THEREFORE, IT IS:**

**Commencement and Prosecution of Chapter 11 Cases**

**RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interests of each Company (including considering its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition (each, a "Petition" and collectively, the "Petitions") for relief (each a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law; and it is further

**RESOLVED**, that any member, manager, officer, or director of each Company, or any other duly appointed officer or other person acting at the direction of the foregoing officers of each Company (individually, the "Designated Person" collectively, the "Designated Persons"), acting alone or with one or more other Designated Person be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, motions, chapter 11 plans, and other papers or documents, and to take any and all actions that they deem necessary, proper, or convenient to obtain relief under chapter 11 of the Bankruptcy Code, including any action necessary to maintain the ordinary course operation of each Company's business; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Designated Person to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the ordinary course operations of the Company during the Chapter 11 Case, or any matter related thereto, in connection with the Company's ordinary course operations be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds

2

of the Company as fully as if such actions had been presented to the Board for its prior approval; and it is further

   **RESOLVED**, that all acts and deeds previously performed by any of the Designated Persons or officers of any of the Companies before the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions, are hereby ratified, confirmed, and approved in all respects as the authorized acts and deeds of the Companies; and it is further

### Retention of Professionals

   **RESOLVED**, that the law firm of Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") be, and hereby is, authorized, directed, and empowered to represent the Companies as their general bankruptcy counsel on the terms set forth in its engagement letter with the Companies, which is hereby ratified and approved, and to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights, including, without limitation, the preparation of and filing of the Petitions and related forms, motions, objections, pleadings, schedules, lists, statements and other papers or documents; and in connection therewith, each Designated Person, acting alone or in any combination, has been and is, authorized, directed and empowered, on behalf of and in the name of each Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Morris Nichols; and it is further;

   **RESOLVED**, that the investment bank of Livingstone Partners LLC ("Livingstone") be, and hereby is, engaged to provide investment banking and other related services to the Companies; and in connection therewith, each Designated Person, acting alone or in any combination, has been and is, authorized, directed and empowered, on behalf of and in the name of each Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Livingstone; and it is further

   **RESOLVED**, that the firm of Epiq Corporate Restructuring, LLC ("Epiq") be, and hereby is, engaged to act as notice, claims and administrative agent and to provide other related services to the Companies in the Chapter 11 Cases; and in connection therewith, each Designated Person, acting alone or in any combination, has been and is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Epiq;

   **RESOLVED**, that Novo Advisors, LLC ("Novo") be, and hereby is, engaged to assist Michael Ragano as CRO and provide turnaround and business transformation advisory services and other related services to the Companies; and in connection therewith, each Designated

Person, acting alone or in any combination, has been and is, authorized, directed and empowered, on behalf of and in the name of each Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Novo and the CRO;

**General Resolutions**

       **RESOLVED**, that the Designated Persons be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Company, to perform the obligations of each Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Designated Person performing or executing the same shall approve, and the performance or execution thereof by the Designated Person shall be conclusive evidence of the approval thereof by the Designated Person and by the Companies; and it is further

       **RESOLVED**, that each Company is authorized but not directed, and any Designated Person, in each case, acting individually or jointly, be, and hereby is, authorized, empowered, but not directed, with full power of delegation, in the name and on behalf of each Company, to enter into and perform under the DIP Credit Agreement and DIP Documents; and it is further

       **RESOLVED**, that each Designated Person be, and hereby is, authorized, directed and empowered, either jointly or severally, for and on behalf of and in the name of each Company to cause each Company and its subsidiaries to pledge, mortgage, or otherwise grant security interests in, and liens upon, any or all of the assets and properties, real and personal, now owned or hereafter acquired by each Company and its subsidiaries, including, without limitation, any capital stock, membership interests, or other ownership interests owned by each Company or any subsidiary in any corporations, limited liability companies, or other entities, now existing or hereafter arising or acquired (collectively, the "Collateral"), as applicable, and all proceeds of the Collateral as may now or from time to time be required in connection with the DIP Documents and the DIP Credit Facility, to secure payment and performance by each Company of its obligations under the DIP Documents and such other obligations that are required to be secured under the DIP Documents and take such further action to maintain and perfect such liens and otherwise necessary to effect the purposes of the DIP Documents; and it is further

       **RESOLVED**, that each Company is authorized but not directed, and any Designated Person, in each case, acting individually or jointly, be, and hereby is, authorized, empowered, but not directed, with full power of delegation, in the name and on behalf of each Company, to enter into and perform under the Stalking Horse Agreement; and it is further

       **RESOLVED**, that each of the Designated Persons be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Designated

Persons, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, proper, or convenient; and it is further

**RESOLVED,** that each of the Designated Persons be, and hereby is, with the power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Designated Persons deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case; and it is further

**RESOLVED**, that the Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by any of the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notices; and it is further

**RESOLVED**, that facsimile, photostatic, or other electronic copies of signatures to this Omnibus Action by Written Consent in Lieu of a Meeting of the Governing Bodies shall be deemed to be originals and may be relied on to the same extent as the originals.

This Omnibus Action by Written Consent in Lieu of a Meeting of the Governing Bodies may be executed in counterparts, each of which shall be deemed to be an original and all of which, when taken together, shall constitute one and the same Omnibus Action by Written Consent in Lieu of a Meeting of the Governing Bodies. This Omnibus Action by Written Consent in Lieu of a Meeting of the Governing Bodies may be executed and delivered via electronic mail (including pdf or any electronic signature complying with the U.S. federal ESIGN Act of 2000, e.g., www.docusign.com) or other transmission method (including an email which states "I consent") and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned has executed this Omnibus Action by Written Consent in Lieu of a Meeting of the Governing Bodies as of the date first written above.

**SOLE INDEPENDENT MANAGER OF ROYAL INTERCO, LLC:**

Name: Craig Dean

Title: Independent Manager

**SOLE MEMBER OF EACH OF DOUBLETREE
PAPER MILLS, L.L.C., ROYAL PAPER, LLC
AND SUN PAPER COMPANY, LLC**

ROYAL INTERCO, LLC

By:

Name: Craig Dean

Title: Independent Manager

<table>
<tr><td colspan="2" style="background:black;color:white"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor Name    Royal Paper, LLC
_____

United States Bankruptcy Court for the: _____    District of    Delaware
                                                                                (State)

Case number (*If known*):    _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | Declaration and signature |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐    *Schedule H: Codebtors* (Official Form 206H)

☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    Amended *Schedule* ____

■    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

■    Other document that requires a declaration    Consolidated Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    04/08/2025            ✖ /s/ Michael Ragano
               MM / DD / YYYY          Signature of individual signing on behalf of debtor


                                       Michael Ragano
                                       Printed name

                                       Chief Restructuring Officer
                                       Position or relationship to debtor